FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### ~~WESTERN~~ DIVISION
### CENTRAL

DEC 0 3 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

Case No.: 4:19-cv-858-KGB

ROBERT AUSTIN, individually and on behalf of other similarly situated.

Plaintiff,

v.

PUBLIC REPUTATION MANAGEMENT SERVICES, LLC, d/b/a PR.BUSINESS

Defendant.

**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

## Preliminary Statement

1.      Plaintiff Robert Austin ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of automated and prerecorded telephone calls, which, Congress found, were rightly regarded as in invasion of privacy. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      The Plaintiff alleges that Public Reputation Management Services, LLC d/b/a pr.business ("pr.business") made pre-recorded telemarketing calls to Plaintiff and other putative class members without their consent.

3.      The Plaintiff and putative class members never consented to receive these calls. Because automated dialing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal robocalls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.      Plaintiff, Robert Austin, resides in this District.

6.      Defendant Public Reputation Management Services, LLC d/b/a pr.business (hereafter, "pr.business") is a limited liability company with its principal place of business in Florida. Pr.Business engages in telemarketing into this District, as it did with the Plaintiff.

**Jurisdiction & Venue**

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      The Court has personal jurisdiction over the Defendant because they engaged in telemarketing conduct into this District.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls were made into this District.

**TCPA Background**

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The

TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.     While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[]  In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14.    "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

16.    By 2003, telemarketers were calling 104 million Americans every day, abetted by the proliferation of new and more powerful autodialing technology. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

17.    Unfortunately, the problems Congress identified when it enacted the TCPA have grown only worse in recent years.

18.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

19.    "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

20.    Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones in 2019 will be fraudulent. *Press Release, First Orion,*

*Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019* (Sept. 12, 2018),

https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-

by-2019-300711028.html

**Factual Allegations**

21.    Pr.Business offers marketing services, with a focus on internet based presence.

22.    In order to sell these services, Pr.Business relies on telemarketing.

23.    One of the telemarketing strategies used by Defendant involves the use of

automated dialers and prerecorded messages to solicit potential customers to use Pr.Business's

services.

24.    While such automated technology may save time and money for Pr.Business's

telemarketing efforts, it violates the privacy rights of the Plaintiff and putative class.

Calls to The Plaintiff

25.    Plaintiff Austin is a "person" as defined by 47 U.S.C. § 153(39).

26.    Mr. Austin's telephone number, (501) 960-XXXX, is registered to a cellular

telephone service.

27.    Pr.Business called Mr. Austin on his cellular telephone with a pre-recorded

message on October 1, 2019, October 17, 2019 and October 25, 2019.

28.    The purpose of the calls was to sell Pr.Business's services to Mr. Austin in

exchange for a fee.

29.    Confirming that Pr.Business made the call and was offering their services, Mr.

Austin sent Pr.Business a letter.

30.    Pr.Business confirmed that it made the calls.

31.    The pre-recorded calls were made with an ATDS, as that term is defined by the TCPA.

32.    The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case.

33.    The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers.

34.    The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

35.    The use of a pre-recorded message is further evidence of that.

36.    In fact, it would be illogical to hand dial a telemarketing call only to use a pre-recorded message.

37.    Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting their daily life and wasting their time.

38.    Defendant's calls intruded upon and occupied the capacity of Plaintiff' cellular phone and depleted the battery of Plaintiff' cellular phone. The calls temporarily seized and trespassed upon Plaintiff' use of their cellular phone, and caused them to divert attention away from other activities to address the calls.

39.    Plaintiff did not consent to receive Defendant's calls prior to the receipt of the unsolicited conduct.

**Class Action Allegations**

40.    As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil

Procedure, Plaintiff bring this action on behalf of a class of all other persons or entities similarly

situated throughout the United States.

41.    The Class of persons Plaintiff propose to represent is tentatively defined as:

> All persons within the United States to whom: (a) Defendant and/or a third
> party acting on their behalf, made one or more non-emergency telephone
> calls; (b) to their cellular telephone number; (c) using the same, or similar
> dialing system used to contact the Plaintiff, or an artificial or prerecorded
> voice; and (d) at any time in the period that begins four years before the
> date of the filing of this Complaint to trial.

42.    Excluded from the Class are counsel, the Defendant, and any entities in which the

Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom

this action is assigned, and any member of such judge's staff and immediate family.

43.    The Class as defined above is identifiable through phone records and phone

number databases.

44.    The potential Class members number at least in the thousands.  Individual joinder

of these persons is impracticable.

45.    The Plaintiff is a member of the Class.

46.    There are questions of law and fact common to Plaintiff and to the proposed

Class, including but not limited to the following:

a.    Whether Defendant violated the TCPA by using automated calls to contact

putative class members cellular telephones;

b.    Whether Defendant placed calls without obtaining the recipients' prior

express invitation or permission for the call;

c.   Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

47.     The Plaintiff's claims are typical of the claims of class members.

48.     The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and counsel skilled and experienced in class actions, including TCPA class actions, represents them.

49.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

50.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

51.     The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**Legal Claims**
**Violation of the TCPA's Automated Call provisions**

52.     The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

53.     Defendant's calls were made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

54.    The Defendant violated the TCPA by (a) using an automatic telephone dialing system or a prerecorded voice to make calls to cellular telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

55.    The Defendant's violations were willful and/or knowing.

56.    The TCPA also authorizes injunctive relief, and the Plaintiff seek injunctive relief prohibiting Defendant from calling telephone numbers using an automatic telephone dialing system or a pre-recorded voice, absent an emergency circumstance.

## Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers using an automatic telephone dialing system or a pre-recorded voice, absent an emergency circumstance;

B.    Because of Defendant's violations of the TCPA, Plaintiff seeks for themselves and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C.    An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.    Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: December 3, 2019.

_____,

Jason Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com


Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com